# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **MOSES SIMPKINS** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **WAL-MART STORES TEXAS, LLC** | § | |
| | § | |
| **DEFENDANT.** | § | |

## INDEX OF STATE COURT PLEADINGS AND FILING DATES

| TAB | DOCUMENT | DATE |
|---|---|---|
| 1. | State Court Docket Sheet of the 95th Judicial District, Dallas, County for Cause No. DC-22-00481 | 03/10/2022 |
| 2. | Plaintiff's Original Petition | 01/13/2022 |
| 3. | Plaintiff's Request for Issuance of Citation | 01/13/2022 |
| 4. | Citation Issued to Defendant Wal-Mart Stores Texas, LLC | 01/26/2022 |
| 5. | Affidavit of Service on Defendant Wal-Mart Stores Texas, LLC | 02/09/2022 |
| 6. | Defendant's Wal-Mart Stores Texas, LLC's Original Answer to Plaintiff's Original Petition | 03/04/2022 |

# TAB NO. 1

## Case Information

DC-22-00481 | MOSES SIMPKINS vs. WAL-MART STORES TEXAS LLC

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-22-00481 | 95th District Court | PURDY, MONICA |
| File Date | Case Type | Case Status |
| 01/13/2022 | PROPERTY | OPEN |

## Party

**PLAINTIFF**
SIMPKINS, MOSES

Address
12929 Gulf Freeway, Suite 301
N/A
Houston TX 77034

Active Attorneys ▾
Lead Attorney
TODD, JEFFEY N
Retained

**PLAINTIFF**
Simpkins, Moses

Address
12929 Gulf Freeway, Suite 301
N/A
Houston TX 77034

Active Attorneys ▾
Lead Attorney
TODD, JEFFEY N
Retained

**DEFENDANT**
WAL-MART STORES TEXAS LLC

Address
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST #900
DALLAS TX 75201

Active Attorneys ▾
Lead Attorney
DAVIS, DEREK S.
Retained

## Events and Hearings

01/13/2022 NEW CASE FILED (OCA) - CIVIL

01/13/2022 ORIGINAL PETITION ▼

ORIGINAL PETITION

01/13/2022 REQUEST FOR SERVICE ▼

LETTER

01/13/2022 ISSUE CITATION ▼

ISSUE CITATION - WAL-MART STORES TEXAS, LLC

01/26/2022 CITATION ▼

Served
02/08/2022

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
02/09/2022
Comment
WAL-MART STORES TEXAS, LLC.

02/09/2022 RETURN OF SERVICE ▼

EXECUTED CITATION - WAL-MART STORES TEXAS LLC

   Comment
   EXECUTED CITATION - WAL-MART STORES TEXAS LLC

03/04/2022 ORIGINAL ANSWER - GENERAL DENIAL ▼

ORIGINAL ANSWER

## Financial

SIMPKINS, MOSES

|  | | Total Financial Assessment | | | $358.00 |
| --- | --- | --- | --- | --- | --- |
|  | | Total Payments and Credits | | | $358.00 |
|  | | | | | |
| 1/18/2022 | Transaction Assessment | | | | $358.00 |
| 1/18/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 2693-2022-DCLK | SIMPKINS, MOSES | ($221.00) |
| 1/18/2022 | STATE CREDIT | | | | ($137.00) |

## Documents

ORIGINAL PETITION

LETTER

ISSUE CITATION - WAL-MART STORES TEXAS, LLC

EXECUTED CITATION - WAL-MART STORES TEXAS LLC

ORIGINAL ANSWER

# TAB NO. 2

FILED
1/13/2022 11:21 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

DC-22-00481

CAUSE NO. _____

| | | |
|---|---|---|
| MOSES SIMPKINS | § | IN THE DISTRICT COURT OF |
|    Plaintiff, | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | §   95th | |
| WAL-MART STORES TEXAS, LLC., | § | |
|    Defendant. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MOSES SIMPKINS ("SIMPKINS"), Plaintiff, and complains of WAL-MART STORES TEXAS, LLC. ("Walmart"), Defendant, and for cause would respectfully show unto this Court as follows:

## I.
### Discovery Control Plan

1.  Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

## II.
### The Parties

2.  Plaintiff, MOSES SIMPKINS, is a natural person residing in Dallas County, Texas.

3.  Defendant, WAL-MART STORES TEXAS, LLC. ("Walmart"), is a foreign corporation organized and existing under the laws of the State of Delaware, whose principal office is located at 702 SW 8th Street #0555- Tax Dept., Bentonville, State of Arkansas, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process through CT Corporation System at 1999 Bryan Street, #900, Dallas, Texas 75201.

-1-

**III.**
**Request Pursuant to Rule 28 for Substitution of True Name**

4.      To the extent that WAL-MART STORES TEXAS, LLC. is conducting business pursuant to a trade name or assumed name, then suit is brought against WAL-MART STORES TEXAS, LLC. pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and MOSES SIMPKINS hereby demands upon answer to this suit, that WAL-MART STORES TEXAS, LLC. answer in its correct legal and assumed names.

**IV.**
**Jurisdiction and Venue**

5.      This Court has jurisdiction over the parties and subject matter of this cause, and has jurisdiction to grant all relief requested by Plaintiff.

6.      The amount in controversy is within the jurisdictional limits of this Court.

7.      Venue of this action is proper in Dallas County, Texas under, *inter alia*, Sections  15.002(a)(1) and (4) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

**V.**
**Nature of the Case**

8.      On November 27, 2020, Plaintiff was shopping at Walmart Supercenter store #3225 located in Rowlett, Texas.   Plaintiff was attempting to purchase a television and asked a Walmart Associate to provide him with a cart to load the television and assist with transfer to checkout.  However, the Associate refused his request, Plaintiff attempted to carry the television and ultimately fell to the floor, landed forcefully on the ground and sustained severe and extensive injuries to his body (the "Fall").

**VI.**
**Causes of Action**

A.   ***Walmart's Premises Liability***

9.     SIMPKINS incorporates by reference the statements made in the above paragraphs as if fully set out herein.

10.     There can be no question that SIMPKINS is an innocent victim in this case. At the time of the Fall, SIMPKINS was an invitee of Walmart because he was a customer at Walmart store #3225.  Because store #3225 was open to the public, Walmart extended an invitation to SIMPKINS to shop at Walmart for the mutual benefit of both parties. Consequently, Walmart, by and through its employee/agents owed SIMPKINS the duty to inspect the premises and maintain them in a reasonably safe manner.

11.     Walmart was the owner and/or operator of store #3225 at the time of the Fall and, therefore, either owned, occupied, or controlled the premises where the Fall and subsequent injury occurred.  Such negligence was the proximate cause of SIMPKINS's damages.

12.     The dangerous condition left on the premises of Walmart store #3225 posed an unreasonable risk of harm because individuals walking through the store may slip/trip and fall through no fault of their own and severely injure themselves.

13.     Walmart, by and through its employee/agents knew or should have known of the dangerous condition of the premises of Walmart store #3225 for numerous reasons including, but not limited to:

   a. Customers notified Walmart of the dangerous condition
     at store #3225 or other Walmart stores of similar design
     and construction around the country;

b.  Walmart agents, servants, or employees actually witnessed accidents caused by the dangerous condition at store #3225 or other Walmart stores of similar design and construction around the country;

c.  Walmart agents, servants, or employees actually caused the dangerous condition at store #3225 or other Walmart stores of similar design and construction around the country;

d.  Walmart agents, servants, or employees were involved in the design and construction of the dangerous condition at store #3225 or other Walmart stores of similar design and construction around the country;

e.  Walmart agents, servants, or employees actually took precautionary measures regarding the dangerous condition at store #3225 or other Walmart stores of similar design and construction around the country;

f.  Walmart agents, servants, or employees actually took precautionary measures regarding the dangerous condition at store #3225 or other Walmart stores of similar design and construction around the country and negligently failed to remove, repair, or otherwise warn of the dangerous condition; and

g.  The dangerous condition existed long enough at store #3225 or other Walmart stores of similar design and construction around the country that Walmart did or should have discovered it upon reasonable inspection.

14.  Walmart breached its duty of care by both failing to make the dangerous condition reasonably safe and/or failing to adequately warn SIMPKINS of the dangerous condition at store #3225.  Each of these acts or omissions, taken alone or collectively, amount to premises liability by Walmart and SIMPKINS sustained damages as a proximate result of Walmart's conduct.  Accordingly, Walmart is liable to SIMPKINS as a result of its premises liability.

-4-

### B.    *Walmart's Negligence*

15.    SIMPKINS incorporates by reference the statements made in the above paragraphs as if fully set out herein.

16.    At the time of the Fall, SIMPKINS was an invitee at Walmart and, as such, Walmart had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting, or ensuring the inspection of, the property for any dangerous conditions and by making safe any latent defect or providing an adequate warning of any such defect.

17.    Walmart, by and through its employee/agents breached its duty of care by failing to reasonably assist Plaintiff or otherwise provide him with appropriate equipment. Walmart further failed to adequately train, supervise and/or manage their agents/employees to properly assist customers with their merchandise. Each of these acts or omissions, taken alone or collectively, amount to negligence by Walmart and SIMPKINS sustained damages as a proximate result of Walmart's conduct.  Accordingly, Walmart is liable to SIMPKINS as a result of its negligence.

### C.    *Walmart's Grossly Negligent Conduct*

18.    SIMPKINS incorporates by reference the statements made in the above paragraphs as if fully set out herein.

19.    Walmart acted with malice, as that term is defined by Civil Practice & Remedies Code §41.001(7).  Specifically, Walmart, by and through its employee/agents failed to reasonably inspect, or ensure that others reasonably inspected, the premises of Store #3225 to determine if the premises were safe and acted with total disregard for the circumstances existing at the time.   In the alternative, Walmart, by and through its employee/agents failed to make the dangerous condition on its premises reasonably safe

and/or failed to adequately warn its invitees of same and acted with total disregard for the circumstances existing at the time.

20.     When viewed from the perspective of Walmart at the time of the acts or omissions, the acts or omissions of Walmart involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Moreover, Walmart had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  Consequently, Walmart is liable to MORRIS for exemplary damages.

## VII.
## Damages

### A.     *General Damages of MOSES SIMPKINS*

21.     At the time of the accident made the basis of this suit, Plaintiff, MOSES SIMPKINS, was 34 years of age.

22.     As a direct and proximate result of Defendant's negligence, Plaintiff, MOSES SIMPKINS, has sustained mental and physical pain and suffering, mental anguish, physical impairment, lost wages in the past, and loss of earning capacity in the future, all of which are in reasonable probability permanent.

23.     From the date of the accident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff, MOSES SIMPKINS, for each element are as follows:

    a.     The physical pain that MOSES SIMPKINS has
            suffered from the date of the accident in question
            up to the time of trial.

    b.     The mental anguish that MOSES SIMPKINS has
            suffered from the date of the accident in question
            up to the time of trial.

c.      The damages resulting from the physical impairment suffered by MOSES SIMPKINS and the resulting inability to do those tasks and services that he ordinarily would have been able to perform.

d.      The loss of any earnings sustained by MOSES SIMPKINS from the date of the incident in question up to the time of trial.

e.      The disfigurement which Plaintiff has suffered from the date of the incident in question up to the time of trial.

24.      From the time of trial of this case, the elements of damages to be considered which Plaintiff, MOSES SIMPKINS, will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

a.      The physical pain that MOSES SIMPKINS will suffer in the future beyond the time of trial.

b.      The mental anguish that MOSES SIMPKINS will suffer in the future beyond the time of trial.

c.      The damages resulting from the physical impairment that MOSES SIMPKINS will continue to suffer in the future and the resulting inability to do those tasks and services that he ordinarily would have been able to perform in the future beyond the time of trial.

d.      The loss or reduction in Plaintiff's earnings or earning capacity in the future caused by the injuries sustained in the incident in question.

e.      The disfigurement which Plaintiff will suffer in the future beyond the time of trial.

25.     Because of all of the above and foregoing, Plaintiff, MOSES SIMPKINS, has been damaged and will be damaged in an amount within the jurisdictional limits of the Court.

### B.     *Medical Damages of MOSES SIMPKINS*

26.     Further, as a direct and proximate result of Defendant's negligence, it was necessary for your Plaintiff, MOSES SIMPKINS, to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that he will require additional medical, hospital and drug services in the future beyond this date.  Plaintiff, MOSES SIMPKINS,  here now sues  for an additional sum within the jurisdictional limits of the Court for past and future medical, hospital and drug services.

### C.     *Gross Negligence/Malice*

27.     The actions of the Defendant was so heedless and showed such a reckless disregard for the right of others affected by them, and particularly in this instance, as to constitute gross negligence and malice as defined by law.  Such heedless and reckless disregard is more than momentary thoughtlessness, inadvertence or error in judgment. The acts and/or omissions of said Defendant as specifically complained of herein were the result of conscious indifference to the rights, welfare, and/or safety to your Plaintiff. Accordingly, because of such gross negligence and malice, Plaintiff further sues for exemplary and punitive damages in an amount within the jurisdictional limits of the Court.

### D.     *Prejudgment Interest*

28.     In addition to the above and foregoing allegations, Plaintiff further pleads that he is entitled to prejudgment interest at the highest rate allowed by law.

**VIII.**
**Conditions Precedent**

29.    All conditions precedent have occurred, have been performed, have been waived or have otherwise been excused.

**IX.**
**Miscellaneous**

30.    SIMPKINS respectfully reserves the right to amend and plead further as necessary and as additional facts are uncovered.

**X.**
**T.R.C.P. 47(c)**

31.    Pursuant to T.R.C.P. 47(c), Plaintiff herenow seeks monetary relief over $250,000.00 but not more than $1,000,000.00.

**XI.**
**RULE 193.7 NOTICE**

32.    Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

**XII.**
**Prayer**

WHEREFORE PREMISES CONSIDERED, MOSES SIMPKINS asks that Defendants be cited to appear and answer, and on final trial, that Defendant be held liable and judgment be rendered for Plaintiff, MOSES SIMPKINS as follows:

(a)     All actual, consequential, and special damages;

(b)     Pre-judgment interest as provided by law;

©      Punitive damages as provided by law;

(d)     Post-judgment interest;

(e)     Costs of Court; and,

(f)     Such other and further relief, both general and special, legal and equitable, to which MOSES SIMPKINS may show himself justly entitled.

Respectfully submitted,

**THE TODD LAW GROUP, PLLC**

By: _/s/ Jeffrey N. Todd_
**Jeffrey N. Todd**
State Bar No. 24028048
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
Telephone:  (832) 243-4953
Telecopier:  (713) 583-7818
jeff@jefftoddlaw.com

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dena Kana on behalf of Jeffrey Todd
Bar No. 24028048
dena@jefftoddlaw.com
Envelope ID: 60788340
Status as of 1/18/2022 9:42 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dena Kana | | dena@jefftoddlaw.com | 1/13/2022 11:21:27 AM | SENT |
| Jeffrey N. Todd | | jeff@jefftoddlaw.com | 1/13/2022 11:21:27 AM | SENT |
| Julie Rogers | | julie102870@gmail.com | 1/13/2022 11:21:27 AM | SENT |
| Jeffrey Nash Todd | 24028048 | jeff@jefftoddlaw.com | 1/13/2022 11:21:27 AM | SENT |

# TAB NO. 3

FILED
1/13/2022 11:21 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christina Hernandez DEPUTY

# JEFF TODD
## PERSONAL INJURY ATTORNEY

12929 Gulf Freeway, Suite 600
Houston, Texas 77034
832 243-4953
Fax 713 583-7818
Writer's direct e-mail address:
Jeff@jefftoddlaw.com

January 13, 2022

Felicia Pitre                                                    *Via Efile*
DALLAS COUNTY DISTRICT CLERK
1201 Elm Street, Suite 2100
21st Floor
Dallas, Texas 75270                DC-22-00481

> Re:    **Cause No. _____; *Moses Simpkins vs. Wal-Mart Stores Texas, LLC;* In the ____th Judicial District Court, Dallas County, Texas**

Dear Ms. Pitre:

Please issue the citation as follows and email it to my paralegal at dena@jefftoddlaw.com or return by regular mail if the email option is not available:

Wal-Mart Stores Texas, LLC
through their Registered Agent, CT Corporation System
1999 Bryan Street, #900
Dallas, Texas 75201 or wherever it may be found

If you have any questions, please do not hesitate to contact my office.

Kindest regards,

/s/ *Jeffrey N. Todd*

Jeffrey N. Todd
SBN: 24028048

JNT/ddk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dena Kana on behalf of Jeffrey Todd
Bar No. 24028048
dena@jefftoddlaw.com
Envelope ID: 60788340
Status as of 1/18/2022 9:42 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dena Kana | | dena@jefftoddlaw.com | 1/13/2022 11:21:27 AM | SENT |
| Jeffrey N. Todd | | jeff@jefftoddlaw.com | 1/13/2022 11:21:27 AM | SENT |
| Julie Rogers | | julie102870@gmail.com | 1/13/2022 11:21:27 AM | SENT |
| Jeffrey Nash Todd | 24028048 | jeff@jefftoddlaw.com | 1/13/2022 11:21:27 AM | SENT |

# TAB NO. 4

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **WAL-MART STORES TEXAS, LLC**
      **BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM**
      **1999 BRYAN ST., STE. 900**
      **DALLAS, TEXAS  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after
you were served this citation and  petition, a default judgment may be taken against you. In addition to filing a
written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at
TexasLawHelp.org.  Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce
Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MOSES SIMPKINS**

Filed in said Court  **13th day of January, 2022** against

**WAL-MART STORES TEXAS, LLC**

For Suit, said suit being numbered **DC-22-00481,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 26th day of January, 2022.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
          ANGELA CONEJO




| | |
|---|---|
| **ESERVE** | |
| **CITATION** | |
| **DC-22-00481** | |
| **MOSES SIMPKINS** | |
| **vs.** | |
| **WAL-MART STORES TEXAS, LLC** | |
| ISSUED THIS | |
| **26th day of January, 2022** | |
| FELICIA PITRE | |
| Clerk District Courts, | |
| Dallas County, Texas | |
| By:  ANGELA CONEJO, Deputy | |

**Attorney for Plaintiff**
**JEFFEY N. TODD**
**THE TODD LAW GROUP, PLLC**
**12929 GULF FREEWAY, SUITE 301**
**HOUSTON, TEXAS  77034**
**832-243-4953**
jeff@jefftoddlaw.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-22-00481

Court No.95th District Court

Style: MOSES SIMPKINS

 vs.

WAL-MART STORES TEXAS, LLC

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $ _____ | of _____ County, _____ | |
| For Notary | $_____ | By _____ Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public  _____ County  _____

# TAB NO. 5

FILED
2/9/2022 12:49 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
SADAF RAJPUT DEPUTY

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:    WAL-MART STORES TEXAS, LLC**
**BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM**
**1999 BRYAN ST., STE. 900**
**DALLAS, TEXAS  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MOSES SIMPKINS**

Filed in said Court  **13th day of January, 2022** against

**WAL-MART STORES TEXAS, LLC**

For Suit, said suit being numbered **DC-22-00481,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 26th day of January, 2022.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By, Deputy
ANGELA CONEJO



**ESERVE**

**CITATION**

**DC-22-00481**

**MOSES SIMPKINS**
**vs.**
**WAL-MART STORES TEXAS, LLC**

**ISSUED THIS**
**26th day of January, 2022**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
**JEFFEY N. TODD**
**THE TODD LAW GROUP, PLLC**
**12929 GULF FREEWAY, SUITE 301**
**HOUSTON, TEXAS  77034**
**832-243-4953**
**jeff@jefftoddlaw.com**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

CAUSE NO. DC-22-00481

| | § | |
|---|---|---|
| **MOSES SIMPKINS** | § | IN THE 95TH DISTRICT COURT |
| *Plaintiff(s),* | § | |
| | § | |
| v. | § | OF |
| | § | |
| **WAL-MART STORES TEXAS, LLC.** | § | DALLAS COUNTY, TEXAS |
| *Defendant(s).* | § | |
| | § | |

## AFFIDAVIT OF SERVICE

I, Godson Egeonu, being duly sworn, state:

I am not a party to or interested in the outcome of this suit.

I received the following documents on February 8, 2022 at 9:58 am. I delivered these documents on Wal-Mart Stores Texas, LLC in Dallas County, TX on February 8, 2022 at 2:53 pm at 1999 Bryan Street, Suite 900, Dallas, TX 75201 by leaving the following documents with George Martinez who as Clerk at CT Corporation System is authorized by appointment or by law to receive service of process for Wal-Mart Stores Texas, LLC.

Citation and Plaintiff's Original Petition

Additional Description:
I delivered the documents to George Martinez, clerk for Registered Agent CT Corporation System.

Hispanic or Latino Male, est. age 35, glasses: Y, Black hair, 160 lbs to 180 lbs, 5' 3" to 5' 6".
Geolocation of Serve: http://maps.google.com/maps?q=32.7854802695,-96.7968200264
Photograph: See Exhibit 1

My full name is Godson Egeonu. My date of birth is 2/2/1962. My address is 2112 Lake Bend Drive, Irving, TX 75060.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in ___Dallas County___ ,

___TX___ on ___2/9/2022___ .

/s/ *Godson Egeonu*

Godson Egeonu - (214) 566-0778
Certification Number: PSC-18686
Expiration Date: 9/30/2022

# Exhibit 1

Exhibit 1a)



Exhibit 1b)



Exhibit 1c) 



**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Dena Kana on behalf of Jeffrey Todd
Bar No. 24028048
dena@jefftoddlaw.com
Envelope ID: 61586509
Status as of 2/11/2022 11:20 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Nash Todd | 24028048 | jeff@jefftoddlaw.com | 2/9/2022 12:49:30 PM | SENT |
| Jeffrey N. Todd | | jeff@jefftoddlaw.com | 2/9/2022 12:49:30 PM | SENT |
| Dena Kana | | dena@jefftoddlaw.com | 2/9/2022 12:49:30 PM | SENT |
| Julie Rogers | | julie102870@gmail.com | 2/9/2022 12:49:30 PM | SENT |

# TAB NO. 6

FILED
3/4/2022 4:42 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Miranda Lynch DEPUTY

Case 3:22-cv-00571-G   Document 1-3   Filed 03/10/22   Page 32 of 37   PageID 42

CAUSE NO. DC-22-00481

| | | |
|---|---|---|
| MOSES SIMPKINS | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| v. | § | 95TH JUDICIAL DISTRICT |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| DEFENDANTS. | § | DALLAS COUNTY, TEXAS |

**DEFENDANT WAL-MART STORES TEXAS, LLC'S
ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC ("Defendant") in the above-styled and numbered cause, and files this Original Answer to Plaintiff's Original Petition, and in support hereof would respectfully show the Court the following.

**I.
GENERAL DENIAL**

1.      Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

**II.
AFFIRMATIVE DEFENSES**

2.      Pleading further, and in the affirmative, Defendant asserts the doctrine of comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

3.     Pleading further, if necessary, Plaintiff failed to mitigate Plaintiff's damages which may have resulted from the occurrence made the basis of this lawsuit.

4.     In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the defense set forth in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091, requiring Plaintiff to prove Plaintiff's loss of earning and/or loss of earning capacity in the form which represents Plaintiff's net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law. *Id*. Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

5.     Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

6.     Pleading further, Defendant would show that it is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

7.     Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8.      Pleading further, and in the affirmative, Defendant invokes §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

9.      Pleading further, and in the affirmative, Defendant asserts the doctrine of proportionate responsibility of TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 33, which may bar any recovery by Plaintiff, or may in the alternative, reduce the amount of recovery by Plaintiff based on Plaintiff's own percentage of fault.

10.     Pleading further, and in the affirmative, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation. Defendant would further show that it acted just as a similar situated reasonable premises owner would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

11.     Pleading further, and in the affirmative, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

12.     Pleading further, and in the affirmative, the injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

13.     Pleading further, if necessary, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

14.     Pleading further and in the alternative, Defendant alleges that any claims for or recovery of exemplary damages against it violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Sections 3, 13 and 19 of Article I of the Texas Constitution, because such claims as made are arbitrary, unreasonable, and violate Defendant's rights to due process and equal protection of the laws.

15.     Pleading further and in the alternative, to the extent any recovery of exemplary damages is found to be constitutional, Defendant invokes all the limitations upon damages and exemplary damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code, both in terms of the maximum amount of damages that can be awarded pursuant to that statute and the procedural safeguards guaranteed by the referenced provisions.

16.     Pleading further and in the alternative, Defendant also invokes all other applicable state law, federal law, statutory and/or common-law caps or limitations on exemplary damages.

## III.
## NOTICE OF INTENT

17.     Defendant further places Plaintiff on notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 that may use in pretrial proceedings or at trial any and all documents and tangible things produced in discovery by plaintiff.

## IV.
## DEMAND FOR JURY TRIAL

18.     In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:     */s/ Derek S. Davis*
_____
**DEREK S. DAVIS**
Texas Bar No. 00793591
Email:  Derek.Davis@CooperScully.com
**ZACH W. TOUPS**
Texas Bar No. 24123536
Email:  Zach.Toups@CooperScully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEYS FOR DEFENDANT**
**WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2022, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service as follows:

**Jeffrey N. Todd**
Email:  jeff@jefftoddlaw.com
The Todd Law Group
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
Telephone: (832) 243-4953
Facsimile:  (713) 583-7818
**ATTORNEY FOR PLAINTIFF**

*/s/ Derek S. Davis*
_____
**DEREK S. DAVIS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Karri Minster on behalf of Derek Davis
Bar No. 793591
karri.minster@cooperscully.com
Envelope ID: 62327315
Status as of 3/7/2022 9:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Nash Todd | 24028048 | jeff@jefftoddlaw.com | 3/4/2022 4:42:27 PM | SENT |
| Jeffrey N. Todd | | jeff@jefftoddlaw.com | 3/4/2022 4:42:27 PM | SENT |
| Dena Kana | | dena@jefftoddlaw.com | 3/4/2022 4:42:27 PM | SENT |
| Julie Rogers | | julie102870@gmail.com | 3/4/2022 4:42:27 PM | SENT |

Associated Case Party: WAL-MART STORES TEXAS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Derek Davis | | derek.davis@cooperscully.com | 3/4/2022 4:42:27 PM | SENT |
| Zachry Toups | | zach.toups@cooperscully.com | 3/4/2022 4:42:27 PM | SENT |
| Karri Minster | | Karri.Minster@cooperscully.com | 3/4/2022 4:42:27 PM | SENT |
| Kim Denton | | kim.denton@cooperscully.com | 3/4/2022 4:42:27 PM | SENT |