UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MOSES SIMPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:22-CV-0571-G |
| WAL-MART STORES TEXAS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Wal-Mart Stores Texas, LLC's (the "defendant" or "Wal-Mart") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendant Wal-Mart Stores Texas LLC's Motion for Summary Judgment ("Motion") (docket entry 15). For the reasons set forth below, Wal-Mart's motion for summary judgment is **GRANTED** in part and **DENIED** in part. The court **GRANTS** Wal-Mart's motion as to the plaintiff Moses Simpkins' (the "plaintiff" or "Simpkins") premises liability claim. The court **DENIES** Wal-Mart's motion as to Simpkins' negligence and gross negligence claims.

I. BACKGROUND

This case arises out of an incident that occurred while Simpkins was shopping for a television at a Wal-Mart supercenter on November 27, 2020.  Defendant Wal-Mart Stores Texas LLC's Brief in Support of Its Motion for Summary Judgment ("Brief in Support of Motion") (docket entry 16) at 1.  When Simpkins found a 65-inch television to purchase, he asked a Wal-Mart associate for help getting a cart to carry the television.  Plaintiff's Brief in Support of His Response to Defendant Wal-Mart Stores Texas, LLC's Motion for Summary Judgment and Brief in Support Thereof ("Brief in Support of Response") (docket entry 29) at 5.

What occurred next is disputed by the parties.  Simpkins alleges that he asked the Wal-Mart associate for a flatbed cart to carry the television, that the associate brought out a flatbed cart that televisions are usually supposed to go on, and that the associate refused to let Simpkins use the flatbed cart because Wal-Mart only gives customers flatbed carts for televisions that are 70 inches or more and Simpkins was purchasing a 65-inch television.  Brief in Support of Response at 5.  Subsequently, the Wal-Mart associate personally helped Simpkins put the 65-inch television into a standard shopping cart with a basket.  *Id.* at 6.  On the other hand, Wal-Mart alleges that Simpkins found a 65-inch television to purchase and decided, on his own, to put the television in a standard shopping cart.  Brief in Support of Motion at 1.  Wal-Mart avers that Simpkins made this decision because a Wal-Mart associate was using

the only flatbed cart in the television section and he was unable to find another one. *Id.* at 1-2.  Wal-Mart further asserts that outside of asking one woman for a flatbed cart, Simpkins did not personally do anything to find an available flatbed cart nor inform any Wal-Mart associates that he was using a standard shopping cart to carry the television to checkout.  *Id.* at 2.

What happened after Simpkins received the standard shopping cart to carry the 65-inch television is mostly undisputed.  Simpkins carried the television in the shopping cart for about ten minutes, turned a corner while walking, and the shopping cart fell over causing the television to fall off the cart.  Brief in Support of Response at 5-6.  Consequently, Simpkins fell and allegedly hurt his back.  *Id.* at 7.

Simpkins filed his original complaint in the 95th Judicial District Court of Dallas County, Texas, on January 13, 2022.  *See* Plaintiff's Original Petition, Defendant Wal-Mart Stores Texas LLC's First Amended Appendix in Support of its Motion for Summary Judgment ("Appendix"), Exhibit A (docket entry 25-1).  In the complaint, Simpkins asserts claims for premises liability, negligence, and gross negligence against Wal-Mart based on his fall at the Wal-Mart store.  *Id.* at 3-6.  Wal-Mart removed this case to federal court on March 10, 2022.  *See* Notice of Removal (docket entry 1).

On January 3, 2023, Wal-Mart filed the instant motion for summary judgment under Federal Rule of Civil Procedure 56.  *See* Motion.  First, Wal-Mart argues that

Simpkins' negligence claim fails because he has not provided sufficient evidence to support his claim and any evidence demonstrates that Simpkins himself was actually the proximate cause of his injury. Brief in Support of Motion at 3-4. Second, Wal-Mart avers that Simpkins' gross negligence claims fails because negligence is a prerequisite for gross negligence and Simpkins' negligence claim is deficient, and regardless, Simpkins cannot satisfy the remaining gross negligence elements. *Id.* at 5. Third, Wal-Mart contends that Simpkins' premises liability claim fails because the claim is mischaracterized and is actually a negligence claim, and regardless, Simpkins failed to present evidence proving the premises liability elements. *Id.* at 7-9.

Simpkins filed his response on January 24, 2023. *See* Plaintiff's Response to Defendant Wal-Mart Stores Texas, LLC's Motion for Summary Judgment ("Response") (docket entry 28). First, Simpkins waives and withdraws his premises liability claim and does not contest the court dismissing the claim with prejudice. *Id.* at 1-2. Second, Simpkins argues that he has presented sufficient evidence to support a *prima facie* negligence claim, determinations of proximate cause or contributory negligence are usually left for a jury to decide, and Wal-Mart has provided no evidence or legal justification for the court to grant summary judgment on his negligence claim. Brief in Support of Response at 12-15. Third, Simpkins contends that Wal-Mart bears the burden of proving any affirmative defenses, such as contributory negligence, and it has failed to provide any evidence to support such an

argument. *Id.* at 15-16. Fourth, Simpkins argues that he has presented sufficient evidence to support a *prima facie* gross negligence claim, Wal-Mart has provided the court with a no-evidence motion for summary judgment that merely provides the elements for gross negligence without further evidence to support the motion, and at the summary judgment stage Simpkins does not bear the burden of proving anything but only need provide some evidence to support his case. *Id.* at 16-20.

Wal-Mart did not file a reply.

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant makes such a showing by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.[1] See *Celotex Corporation v. Catrett*, 477 U.S. 317, 323

---

[1] A defendant's motion for summary judgment will fail if the movant's brief consists of only conclusory statements that the record lacks evidence as to the elements of the plaintiff's claim. See *St. Paul Mercury Insurance Company v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000). "[B]efore the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." *Id.* (internal quotation omitted).

(1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Once the movant makes this showing, the nonmovant must then direct the court to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corporation*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company, Limited v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). Instead, he must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. All of the evidence must be viewed, however, in a light most favorable to the motion's opponent. *Id*. at 255 (internal citation omitted).

Furthermore, the court cannot, in the absence of proof, "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (en banc) (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 889 (1990) ("It will not do to 'presume' the missing facts because without them the affidavits would not establish the injury that they generally allege.")). Additionally, when conflicting evidence is presented, the court is not permitted to make credibility determinations regarding the evidence. See *Lindsey v. Prive Corporation*, 987 F.2d 324, 327 (5th Cir. 1993).

B. <u>Application</u>[2]

Wal-Mart contends that the court should grant it summary judgment on Simpkins' negligence and gross negligence claims because Simpkins has presented insufficient "summary judgment evidence of each element for which he bears the burden of proof at trial." Motion at 2. Wal-Mart, however, failed to meet its initial summary judgment burden in identifying for the court the portions of the record which reveal there are no genuine material fact issues. See *Celotex Corporation*, 477 U.S. at 323. Instead, Wal-Mart's brief typically relies on conclusory statements that lack evidence in the record, and when Wal-Mart does cite to the record to support one of its contentions, it completely mischaracterizes the evidence it argues supports its motion. Consequently, Wal-Mart not only fails to show an absence of genuine issues of material fact but also highlights for the court that this case hinges on a material factual dispute: whether a Wal-Mart associate refused to let Simpkins use a flatbed cart or if Simpkins personally chose to use a standard cart over a flatbed cart.

For example, in arguing that the court should grant its motion for summary judgment on Simpkins' negligence claim, Wal-Mart contends that "the evidence indicates that [Simpkins] himself proximately caused the injuries of which he complained." Brief in Support of Motion at 3-4. Wal-Mart then concludes, without

---

[2] Because Simpkins waives his premises liability claim and does not contest the court dismissing it with prejudice, Response at 1-2, Wal-Mart's motion for summary judgment as to Simpkins' premises liability claim is granted.

citing any verifiable evidence in the record, that Simpkins' actions superseded anything Wal-Mart did because Wal-Mart made both standard and flatbed carts available to customers and "[i]t was [Simpkins'] decision to use a standard shopping cart that caused the harm complained of, not the associates assertion that the flatbed in the television section was not available for immediate use." *Id.* at 4.

Furthermore, the one time Wal-Mart cites to the record to support its argument regarding Simpkins' negligence claim, it avers that Simpkins stated in his deposition that "he '***had to do what he had to do***' and opted for convenience over safety by choosing to use the first cart he could find." Brief in Support of Motion at 4 (*quoting* Remote Videotaped Deposition of Moses Evaster Simpkins August 22, 2022 Volume 1 ("Deposition"), Appendix, Exhibit B at 41:1-5) (emphasis added). This, however, is a gross mischaracterization and clear misquotation of the record.

Reading Simpkins' entire answer at this part of his deposition illustrates that Simpkins directly contradicts Wal-Mart's characterization of the record. When asked why he used a standard shopping cart instead of a flatbed cart, when he knew the flatbed cart was safer to use, Simpkins explained how that question is better suited for the Wal-Mart associate who would not give him the flatbed cart, because he does not "know why [she didn't] give me the cart. You know, I asked for it, and it was right there . . . I couldn't go and make no demands. So . . . you know, ***you have to do what you got to do sometimes***." Deposition, Appendix, Exhibit B at 40:18-41:3

(emphasis added).  Moreover, it does not take long for the court to look five pages back in the same deposition and see that Simpkins stated that he asked a Wal-Mart associate for a flatbed cart, that the Wal-Mart associate brought a flatbed cart out, and that the associate refused to give Simpkins the flatbed cart for the 65-inch television because Wal-Mart only gives flatbed carts for televisions that are "70 inches and up."  *Id.* at 36:6-37:2.

Wal-Mart's argument that the court should grant it summary judgment on Simpkins' gross negligence claim is even more deficient than its assertion regarding Simpkins' negligence claim.  Outside of contending that the court must grant summary judgment on the gross negligence claim if the court grants summary judgment on the negligence claim, Wal-Mart states that summary judgment is proper because "there is no evidence for either element of the gross negligence claim."  Brief in Support of Motion at 5.  Wal-Mart then proceeds to provide the court with a lengthy recitation of each gross negligence element before concluding that Simpkins "cannot meet either element." *Id.* at 5-6.  Throughout its entire argument regarding the gross negligence claim, Wal-Mart fails to cite to the record once and, therefore, does not show that there is an absence of genuine material fact issues.  See *id.* at 5-7.

In sum, Wal-Mart has failed to offer any evidence whatsoever that there are no genuine material fact issues, and outside of occasional citations, its brief contains only conclusory statements that the record lacks evidence as to the elements of Simpkins'

claims.  Furthermore, where Wal-Mart does occasionally cite to the record, it typically mischaracterizes what the record states.  Moreover, Wal-Mart chose not to file a reply, indicating a conscious decision not to cure the conspicuous defects in its initial motion.  Ultimately, Wal-Mart fails to understand that the initial burden is on itself to show that there are no genuine material fact issues, and not on Simpkins to have preemptively provided enough evidence proving his claims before Wal-Mart even filed this motion.  Therefore, Wal-Mart's motion for summary judgment on Simpkins' claims for negligence and gross negligence is denied.

### III.  CONCLUSION

For the reasons stated above, Wal-Mart's motion for summary judgment is **GRANTED** in part and **DENIED** in part.

**SO ORDERED**.

February 24, 2023.

				_____
				**A. JOE FISH**
				**Senior United States District Judge**